IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| MYLES XAVIER SMITH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | CIV. A. NO. 23-0050-KD-MU |
| | ) | |
| MICHAEL WOODS, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

This prisoner action has been referred to the undersigned, in accordance with 28 U.S.C. § 636(b)(1) and S.D. Ala. GenLR 72(a)(2)(R), for appropriate action. For the reasons stated, it is recommended that the Court dismiss this action, without prejudice, based upon Myles Xavier Smith's failure to prosecute this action by complying with the Court's Order dated and entered February 10, 2023 (Doc. 2).

On February 8, 2023, Petitioner filed a habeas petition in this Court. (Doc. 1). However, he did not pay the $5 filing fee, nor did he file a motion to proceed without prepayment of fees. Accordingly, on February 10, 2023, this Court ordered Petitioner to pay the $5 filing fee or to file a motion to proceed without prepayment of fees on or before March 6, 2023. (Doc. 2). Petitioner was warned that the failure to comply with the Court's order within the prescribed time would result in the dismissal of this action for failure to prosecute and obey the Court's order. To date, this Court has not received the $5 filing fee or a motion to proceed without prepayment of fees.

An action may be dismissed if a petitioner fails to prosecute it or if he fails to comply with any court order. Fed.R.Civ.P. 41(b); *see also Link v. Wabash Railroad Co.*,

370 U.S. 626, 630-631 (1962) (holding district courts have the power to *sua sponte* dismiss a cause of action for failure to prosecute); *World Thrust Films, Inc. v. International Family Entertainment, Inc.*, 41 F.3d 1454, 1456 (11th Cir. 1995) ("'A district court has authority under Federal Rule[] of Civil Procedure 41(b) to dismiss actions for failure to comply with local rules.'").

Because Petitioner has not responded to the Court's order dated February 10, 2023, instructing him to file his $5 filing fee or a motion to proceed without prepayment of fees, it is recommended that the Court **DISMISS WITHOUT PREJUDICE** Petitioner's habeas corpus action, pursuant to Fed.R.Civ.P. 41(b), due to his failure to prosecute this action by complying with this Court's lawful order.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. GenLR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an

objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the **21st** day of **June, 2023.**

                                            <u>s/P. Bradley Murray</u>
                                      **UNITED STATES MAGISTRATE JUDGE**